AO 243 (Rev. 2/95)

FILED
DISTRICT COURT OF GUAM
DEC 20 2004
MARY L. M. MORAN
CLERK OF COURT

MOTION UNDER 28 USC § 2255 TO VACATE, SET ASIDE, OR CORRECT SENTENCE BY A PERSON IN FEDERAL CUSTODY

| United States District Court | District | Guam |
|---|---|---|

Name of Movant: DELWOOD DAVID DANLEY
Prisoner No.: 01178-093
Case No.: 1:95 CR00142-001

Place of Confinement: FDC Honolulu, Hawaii

04-00051

UNITED STATES OF AMERICA v. DELWOOD DAVID DANLEY
(name under which convicted)

## MOTION

1. Name and location of court which entered the judgment of conviction under attack
   United States District Court - District of Guam
   520 Soledad Ave. 4th floor. Hagatna, Guam. 96910

2. Date of judgment of conviction  12-13-95

3. Length of sentence  70 months and 5 year supervised release.

4. Nature of offense involved (all counts)  21 U.S.C. ~~9052~~ 9052
   Importation of Approximately 269.06 Grams Net Weight of Methamphetamine Hydrochloride

5. What was your plea? (Check one)
   (a) Not guilty  ☐
   (b) Guilty  ☑
   (c) Nolo contendere  ☐

   If you entered a guilty plea to one count or indictment, and a not guilty plea to another count or indictment, give details:
   Plead guilty to Importation. Government dismissed possession and intent to distribute.

6. If you pleaded not guilty, what kind of trial did you have? (Check one)   N/A
   (a) Jury  ☐
   (b) Judge only  ☐

7. Did you testify at the trial?   N/A
   Yes ☐   No ☑

8. Did you appeal from the judgment of conviction?
   Yes ☐   No ☑

(2)

AO 243 (Rev. 2/95)

9. If you did appeal, answer the following:

   (a) Name of court

   (b) Result      N/A

   (c) Date of result

10. Other than a direct appeal from the judgment of conviction and sentence, have you previously filed any petitions, applications, or motions with respect to this judgment in any federal court?
    Yes ☐  No ☑

11. If your answer to 10 was "yes," give the following information:

    (a) (1) Name of court

        (2) Nature of proceeding    N/A

        (3) Grounds raised

        (4) Did you receive an evidentiary hearing on your petition, application or motion?
            Yes ☐  No ☑

        (5) Result    N/A

        (6) Date of result

    (b) As to any second petition, application or motion give the same information:

        (1) Name of court    N/A

        (2) Name of proceeding

        (3) Grounds raised

(3)

(4) Did you receive an evidentiary hearing on your petition, application or motion?
Yes ☐    No ☑

(5) Result          N/A
(6) Date of result

(c) Did you appeal, to an appellate federal court having jurisdiction, the result of action taken on any petition, application or motion?
(1) First petition, etc.          Yes ☐    No ☑
(2) Second petition, etc.        Yes ☐    No ☑

(d) If you did not appeal from the adverse action on any petition, application or motion, explain briefly why you did not:

Defendant Agreed to plea Agreement

12. State *concisely* every ground on which you claim that you are being held in violation of the constitution, laws or treaties of the United States. Summarize briefly the facts supporting each ground. If necessary, you may attach pages stating additional grounds and facts supporting same.

CAUTION: If you fail to set forth all grounds in this motion, you may be barred from presenting additional grounds at a later date.

For your information, the following is a list of the most frequently raised grounds for relief in these proceedings. Each statement preceded by a letter constitutes a separate ground for possible relief. You may raise any grounds which you have other than those listed. However, you should raise in this motion all available grounds (relating to this conviction) on which you based your allegations that you are being held in custody unlawfully.
Do not check any of these listed grounds. If you select one or more of these grounds for relief, you must allege facts. The motion will be returned to you if you merely check (a) through (j) or any one of these grounds.
(a) Conviction obtained by plea of guilty which was unlawfully induced or not made voluntarily or with understanding of the nature of the charge and the consequences of the plea.
(b) Conviction obtained by use of coerced confession.

(c) Conviction obtained by use of evidence gained pursuant to an unconstitutional search and seizure.
(d) Conviction obtained by use of evidence obtained pursuant to an unlawful arrest.
(e) Conviction obtained by a violation of the privilege against self-incrimination.
(f) Conviction obtained by the unconstitutional failure of the prosecution to disclose to the defendant evidence favorable to the defendant.
(g) Conviction obtained by a violation of the protection against double jeopardy.
(h) Conviction obtained by action of a grand or petit jury which was unconstitutionally selected and impaneled.
(i) Denial of effective assistance of counsel.
(j) Denial of right of appeal.

A. Ground one: Defendant is convicted of an offense which is Non-existent.

Supporting FACTS (state *briefly* without citing cases or law): See Attached page #13

B. Ground two:

Supporting FACTS (state *briefly* without citing cases or law):

C. Ground three:

Supporting FACTS (state *briefly* without citing cases or law):

AO 243 (Rev. 2/95)

D. Ground four:

Supporting FACTS (state *briefly* without citing cases or law):

13. If any of the grounds listed in 12A, B, C, and D were not previously presented, state briefly what grounds were not so presented, and give your reasons for not presenting them:

    N|A

14. Do you have any petition or appeal now pending in any court as to the judgment under attack?
    Yes ☐     No ☑

15. Give the name and address, if known, of each attorney who represented you in the following stages of the judgment attacked herein:

    (a) At preliminary hearing
    Robert E. ~~BB~~ Hortsock federal public defender District of Guam ~~400 Route 8, Suite 501~~ Address N/A ~~Mongmong, Guam 96410~~

    (b) At arraignment and plea

    (c) At trial      *same*

    (d) At sentencing

(e) On appeal

N/A

(f) In any post-conviction proceeding

N/A

(g) On appeal from any adverse ruling in a post-conviction proceeding

N/A

16. Were you sentenced on more than one count of an indictment, or on more than one indictment, in the same court and at approximately the same time?
Yes ☐    No ☑

17. Do you have any future sentence to serve after you complete the sentence imposed by the judgment under attack?
Yes ☐    No ☑

(a) If so, give name and location of court which imposed sentence to be served in the future:

N/A

(b) Give date and length of the above sentence:

N/A

(c) Have you filed, or do you contemplate filing, any petition attacking the judgment which imposed the sentence to be served in the future?
Yes ☐    No ☑

Wherefore, movant prays that the Court grant him all relief to which he may be entitled in this proceeding.

Request public Defender representation

_____N/A_____
Signature of Attorney (if any)

I declare under penalty of perjury that the foregoing is true and correct. Executed on

__12/10/04__
Date

_Deborah Danley_
Signature of Movant

(7)

## ATTACHED PAGE

13. The ground listed in 12A was not previously presented, because at the time of the entry of the judgment, and for more than 10 days thereafter, that is to say, until June 6, 2003, the ground listed in 12A was foreclosed by circuit law in that it was the settled law of this circuit that all the government need show for a finding of importation is that the controlled substance entered the United States from international waters or airspace. (*United States v. Cabaccang*, 332 F.3d 622, 634 (9th Cir. 2003)(en banc), *clarified*, 341 F.3d 905 (9th Cir. 2003).) On June 6, 2003 (*Cabaccang*, 332 F.3d at 622 ("Filed June 6, 2003")), the court of appeals for this circuit changed the law by overruling the foregoing law of this circuit and holding that the transport of a controlled substance through international airspace on a flight from one United States location to another United States location does not constitute the offense of importing a controlled substance into the United States from a place outside thereof. (*Cabaccang*, 332 F.3d at 635 ("we hold that the transport of drugs through international airspace on a nonstop flight from one United States location to another does not constitute importation within the meaning of [21 U.S.C.] § 952(a)").)